E-FILED
Friday, 06 May, 2011   11:49:10 AM
Clerk, U.S. District Court, ILCD

#92149/SAW

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# ROCK ISLAND DIVISION

| | |
|---|---|
| JOHN FREEBURG, | ) |
| Plaintiff, | ) |
| | ) JURY TRIAL DEMANDED |
| v. | ) |
| DEERE & COMPANY, a Corporation a/k/a JOHN DEERE COMPANY, | ) |
| Defendant. | ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, JOHN FREEBURG, by and through his attorneys, ANESI, OZMON, RODIN, NOVAK, & KOHEN, LTD., and complaining of the Defendant, DEERE & COMPANY, a Corporation a/k/a JOHN DEERE COMPANY, (hereinafter "John Deere"), alleges as follows:

### JURISDICTION

1. This Court has jurisdiction of the federal claim and the parties pursuant to 28 U.S.C. § § ("FMLA"), 1331 and 1343(4), as this matter lies pursuant to the Family and Medical Leave Act of 1993, (29 U.S.C.A. § 2601 et seq.) ("FMLA"); and over the state law claims pursuant to 28 U.S.C. §1367(a) as they are so related to the federal claims as to form the same case or controversy.

2. Venue lies properly within the Central District of Illinois, Rock Island Division, pursuant to 28 U.S.C. §1391(b)(1) as all of the parties reside or exist in the Central District of

Illinois, Rock Island Division, and all of the events and omissions giving rise to this claim occurred in the Central District of Illinois, Rock Island Division.

## PARTIES

3. Plaintiff is a citizen of the United States and a resident of the City of Rock Island, Rock Island County, Illinois, and was at all times referred to in this complaint.

4. Defendant John Deere Company, d/b/a John Deere Harvester Works, in an Illinois Corporation, authorized to and doing business in East Moline, Rock Island County, Illinois.

5. Defendant John Deere is an "employer" within the meaning of the FMLA, 29 U.S.C. §2611(4).

## FACTS

6. The Plaintiff repeats and reiterates each and every allegation in Paragraphs 1 through 5 as if fully set forth herein.

7. Plaintiff began full time employment with John Deere on or about October 13, 2003, at its East Moline facility, and was on the payroll continuously thereafter until he was terminated on or about May 15, 2009.

8. At all times after October 13, 2003, Plaintiff was an eligible employee as that term is defined by §101(2) of the FMLA, 29 U.S.C. §2612.

9. At all times after October 13, 2003, Plaintiff had the protected right to medical leave pursuant to the provisions of §102 of the FMLA, 29 U.S.C. §2612.

10. Plaintiff has been diagnosed with an FMLA-qualifying "serious medical condition": Chronic Fatigue Syndrome.

11. Defendant was put on notice that Plaintiff suffered from a serious medical condition and would require intermittent FMLA leave, when Plaintiff provided Defendant with a medical certification from his doctor.

12. In the year prior to May, 2009, Plaintiff was granted intermittent FMLA leave by Defendant.

13. On May 4, 2009, Plaintiff inquired with Defendant as to have many remaining days of FMLA leave he had available. On May 4, 2009, Plaintiff was told that he had 120 hours, or 15 days, of available FMLA leave.

14. Based on Defendant's representation that Plaintiff had 120 hours of FMLA leave available, Plaintiff requested FMLA leave for May 6, 7, 8, 11 and 12, 2009.

15. Defendant granted Plaintiff's request for FMLA leave for each of those days.

16. On May 15, 2009, Plaintiff received a phone message from Defendant advising him that, in fact, he had only eleven (11) hours of FMLA leave available for May 6, 7, 8, 11 and 12, 2009.

17. Plaintiff was terminated by Defendant as of May 15, 2009.

18. Defendant's proffered reason for terminating Plaintiff was that he was absent for three days without "just cause."

19. At all relevant times, 29 U.S.C. § 2614 mandated that eligible employees who take FMLA leave had the right to be restored to the position they held prior to the leave or an equivalent position when they return from leave.

20. At all relevant times, 29 U.S.C. § 2615 mandated that it is unlawful for an employer to interfere with an employee's FMLA protected rights.

21. Plaintiff's termination was in violation of the FMLA in the following ways:

a. Defendant denied Plaintiff his right to return to his position or an equivalent position after taking FMLA leave to which he was entitled;

b. Defendant interfered with Plaintiff's FMLA protected rights;

c. Defendant discriminated against Plaintiff based on his status as an FMLA eligible employee and due to his serious health condition; and

d. Plaintiff's termination was in retaliation for taking FMLA leave.

22. As a direct and proximate cause of Defendant's wrongful termination of Plaintiff, in violation of the FMLA, Plaintiff has suffered economic losses, including a loss of wages, benefits, and employment opportunities.

## COUNT I - INTERFERENCE WITH PLAINTIFF'S FMLA RIGHTS

23. Plaintiff incorporates Paragraphs 1 through 22, as if fully set forth herein.

24. By May 15, 2009 Plaintiff had been continuously employed with Defendant for over five years and worked at least 1,250 hours during the twelve months immediately preceding the date on which his FMLA leave began.

25. Defendants interfered with Plaintiff's rights under the FMLA when they requested that Plaintiff provide an additional medical certification for FMLA leave which he had already taken, when they were on notice of Plaintiff's FMLA qualifying condition and need for intermittent leave, and had granted Plaintiff's request for FMLA leave in question.

26. Defendants' aforementioned actions constitute violations of the FMLA, 29 U.S.C. §2615.

27. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer loss of income, loss of other employment benefits, and has been required to retain an attorney to litigate this matter.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant by:

(a) Declaring that the acts and practices by Defendant as described herein constitute a violation of the FMLA;

(b) Enjoining and permanently restraining these violations of the FMLA;

(c) Awarding Plaintiff back wages and lost benefits due to Defendant's violations of the FMLA;

(d) Directing Defendant to reinstate Plaintiff to his prior position and seniority level, or, in the alternative, awarding Plaintiff front pay;

(e) Awarding Plaintiff interest on any compensation denied or lost to him because of Defendants' unlawful acts;

(f) Awarding Plaintiff liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

(g) Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action; and

(h) Awarding Plaintiff any further and additional relief as the Court may deem just and proper.

## COUNT II – RETALIATION AGAINST PLAINTIFF FOR TAKING FMLA LEAVE

28. Plaintiff incorporates paragraphs 1-27 as though fully set forth herein.

29. Plaintiff was terminated on May 15, 2009, in retaliation for exercising his rights under the FMLA.

30. Defendants' rationale for terminating Plaintiff is pretext in order to disguise FMLA retaliation.

31. But for Defendants inducing Plaintiff to take FMLA leave by granting him intermittent FMLA leave and informing him that he had 120 hours of such leave available, Plaintiff would not have taken additional FMLA leave, and would not have fulfilled Defendant's pretextual reasons for terminating him.

32. But for having taken FMLA leave and exercising his FMLA rights, Plaintiff would not have been terminated.

33. As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employee benefits, and has suffered and continues to suffer emotional distress, expenses, and damage to his reputation, as well as having to retain an attorney to litigate this matter.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant by:

(a) Declaring that the acts and practices by Defendant as described herein constitute a violation of the FMLA;

(b) Enjoining and permanently restraining these violations of the FMLA;

(c) Awarding Plaintiff back wages and lost benefits due to Defendant's violations of the FMLA;

(d) Directing Defendant to reinstate Plaintiff to his prior position and seniority level, or, in the alternative, awarding Plaintiff front pay;

(e) Awarding Plaintiff interest on any compensation denied or lost to him because of Defendants' unlawful acts;

(f) Awarding Plaintiff liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

(g) Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action; and

(h) Awarding Plaintiff any further and additional relief as the Court may deem just and proper.

## **COUNT III – PROMISSORY ESTOPPEL**

34. Plaintiff restates and re-alleges paragraphs 1-33 as though fully set forth herein.

35. Plaintiff relied on Defendant's written and verbal assurances that he was entitled to and granted FMLA leave for the dates of May 6, 2009 through May 12, 2009.

36. Plaintiff would not have taken leave in excess of 11 hours as of May 6, 2009, but for Defendant's statement that he was entitled to and granted FMLA leave from May 6, 2009 through May, 12, 2009.

37. Plaintiff was terminated on May 15, 2009, as a result of his reasonable reliance on Defendant's statement that he was entitled to take FMLA leave on the dates in question.

38. But for Plaintiff's reliance on Defendant's statement that he was entitled to and granted FMLA leave on the dates in question, Plaintiff would not have been terminated.

39. As a direct and proximate result of Plaintiff's detrimental reliance on Defendant's false assurances, Plaintiff has suffered and will continue to suffer economic losses, including loss of wages, loss of employment benefits, and loss of employment opportunities.

WHEREFORE, Plaintiff prays for judgment on his behalf and against the Defendant, as follows:

(a) Monetary damages to compensate Plaintiff for all lost salary and benefits, plus all accrued interest thereon;

(b) Directing Defendant to reinstate Plaintiff to his prior position and seniority level, or, in the alternative, monetary damages to compensate her for all future lost salary and benefits;

(c) Prejudgment Interest;

(d) Costs of litigation and costs of this suit; and

(e) Any other relief deemed just and proper by this Court.

## COUNT IV – BREACH OF CONTRACT

40. Plaintiff restates and re-alleges the allegations of Paragraphs 1-39 as though fully set forth herein.

41. Defendant's unpaid leave of absence policy constituted an enforceable promise and contract upon which Plaintiff relied to take his leave of absence.

42. Defendant breached this promise and contract by terminating Plaintiff for exercising his rights under said Contract.

43. As a result of Defendant's breach of contract, Plaintiff has suffered economic losses, including a loss of wages, benefits, and employment opportunities.

WHEREFORE, Plaintiff prays for judgment on his behalf and against the Defendant, as follows:

(a) Monetary damages to compensate Plaintiff for all lost salary and benefits, plus all accrued interest thereon;

(b) Directing Defendant to reinstate Plaintiff to his prior position and seniority level, or, in the alternative, monetary damages to compensate her for all future lost salary and benefits;

(c) Prejudgment Interest;

(d) Costs of litigation and costs of this suit; and

(e) Any other relief deemed just and proper by this Court.

/s/ Steven A. Wade
Attorney for Plaintiff

Steven A. Wade
**Anesi, Ozmon, Rodin, Novak, & Kohen, Ltd.**
161 North Clark Street – 21st Floor
Chicago, IL 60601
312.372.3822